**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-24527-ALTMAN**

**LUIS MANUEL RAMIREZ TORREZ**,

*Petitioner*,

*v.*

**MARKWAYNE MULLIN**, *et al.*,

*Respondents.*
_______________________________________/

# ORDER

Our Petitioner—"a native and citizen of Nicaragua who entered the United States without admission, inspection, or parole on or about February 4, 2022, at or near Calexico, California," Response to Order to Show Cause (the "Response") [ECF No. 7] at 1—seeks a writ of habeas corpus "ordering [the] Respondents to release [him] immediately or, in the alternative, to provide [him] with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the Court's order," Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1] at 23. In turn, the Respondents confirm that the Petitioner is "entitle[d]" to "a custody redetermination hearing" because his "detention is governed under § 1226[.]" Response at 3. Still, the Respondents ask that we dismiss the Petition because the Petitioner "has not requested a custody redetermination hearing" and thus has "fail[ed] to exhaust [his] administrative remedies." *Ibid.*

The Supreme Court "has required exhaustion of alternative remedies before a prisoner can seek federal habeas relief." *Boumediene v. Bush*, 553 U.S. 723, 793 (2008); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) ("It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding . . . . [But] [t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one."). But "exceptions to

the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (cleaned up). Here, our Petitioner argues that "[r]equesting a bond hearing . . . would . . . have been futile" because—"until July 30, 2026"—"no controlling Ninth Circuit decision displaced" a "binding Board of Immigration Appeals precedent [holding] that Immigration Judges lacked authority to hear bond requests from noncitizens present in the United States without admission." Reply in Support of Petition [ECF No. 8] at 2–4.[1]

Given the "legal landscape," *id.* at 1, at the time the Petition was filed and the Respondents' concession that the Petitioner *is* entitled to a bond hearing, we **GRANT in part** the Petition and **ORDER** the Respondents to (1) provide the Petitioner with the requisite bond hearing within **seven days of this Order**; and (2) file a status update on the docket within **three days of the hearing**.

**DONE AND ORDERED** in the Southern District of Florida on September 18, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

[1] The Petitioner references Ninth Circuit caselaw because the Respondents "[t]ransferred him from [the] Krome [North Service Processing Center] on July 2, 2026, placed him in detention in California on July 4, 2026, and transferred his removal proceedings to the Imperial Immigration Court." Reply at 1–2.